UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:  SEIZURE OF ARCHIVAL           :     Misc. No. 1:06-mc-369 (PLF)
DOCUMENTS FROM THE TAIPEI             :
ECONOMIC AND CULTURAL                 :
REPRESENTATIVE OFFICE LOCATED         :
AT 4201 WISCONSIN AVENUE, N.W.,       :
WASHINGTON, D.C.  20016               :

## MOTION TO TRANSFER VENUE

The United States hereby moves that venue regarding the Emergency Motion for Return of Seized Property and for Injunction Barring Use of Information, filed by the Taipei Economic and Cultural Representative Office ("TECRO"), be transferred to the Eastern District of Virginia.

On or about August 3, 2006, TECRO moved, pursuant to Fed. R. Crim. 41(g), for the return of property that it asserted had been seized from its offices in Washington, D.C. in September 2004.  These materials consisted of documents that Taiwanese intelligence officer Isabelle Cheng voluntarily retrieved from her office pertaining to her intelligence relationship with Donald Keyser, then a senior Department of State official.  TECRO also moved for an injunction barring the government from making any use of information derived from that property.

Keyser pleaded guilty in the Eastern District of Virginia in December 2005 to a criminal information charging him with three felony offenses:  two counts of making false statements in violation of 18 U.S.C. § 1001(a), and one count of removing United States documents in violation of 18 U.S.C. § 2071(b).[1]  Pursuant to Keyser's plea agreement, FBI agents subsequently

---

[1] FBI agents found more than 3,000 classified documents in Keyser's home in suburban Virginia, during a search in September 2004, including documents classified at the Top Secret level and documents containing Sensitive Compartmentalized Information.

met with Keyser on several occasions to debrief him. The government determined, however, that Keyser failed to fulfill his plea obligation to tell the truth – as exemplified by his failure of two separate polygraph examinations – and in July 2006 moved to find Keyser in breach of his plea agreement and be released from its obligations under that agreement. The government's motion, which relies on documents that Isabelle Cheng retrieved from TECRO's offices, is now pending in the Eastern District of Virginia.

Although criminal proceedings are ongoing in the Eastern District of Virginia to which the subject TECRO materials relate,[2] TECRO properly filed its motion in the District of Columbia because "a motion seeking return of property is only proper in the district where the property was seized." *Islamic American Relief Agency v. Unidentified FBI Agents*, 394 F. Supp.2d 34, 48 n.14 (D.D.C. 2005). The government does not bring the instant motion pursuant to 28 U.S.C. § 1404, the customary mechanism for seeking a change of venue, because that rule authorizes transfers of venue only to "another district where [the civil action] might have been brought." *See In re Special Grand Jury* 89-2, 450 F.3d 1159, 1167 (10th Cir. 2006) (motion for return of property under Rule 41(g) is civil rather than criminal) (citing *Hunt v. U.S. Dept. of Justice*, 2 F.3d 96, 97 (5th Cir. 1993)). Rather, the government asks the Court, in its discretion, not to exercise its equitable jurisdiction over TECRO's motion. *See De Almeida v. United States*, — F.3d —, 2006 WL 2106603, *4 (2nd Cir. July 28, 2006) (district court did not abuse its discretion in not exercising equitable jurisdiction under Rule 41(g)); *United States v. Bennett*, 423 F.3d 271, 274 (3d Cir. 2005) (district court's exercise of equitable powers under Rule 41(g) reviewed for abuse of discretion); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005)

---

[2] *See United States v. Keyser,* Crim. No. 1:05CR543 (E.D. Va.) (Ellis, J.).

(district court has equitable jurisdiction to consider Rule 41(g) motion); *In re Search of the Rayburn House Office Bldg. Room No. 2113*, 432 F. Supp.2d 100, 107 (D.D.C. 2006) ("Actions seeking the return of property are governed by equitable principles."). Moreover, Rule 41(g) imposes no limitation on the transfer of such motions, once filed, to another judicial district where such a change of venue is appropriate, and the government is unaware of any authority imposing such limitations.

     A transfer of venue to the Eastern District of Virginia is appropriate for several reasons. First, the gravamen of the case to which TECRO's motion relates is the criminal proceeding against Keyser in the Eastern District of Virginia, which has been ongoing for two years. It would be an unnecessary expenditure of judicial and government resources to litigate this case simultaneously in two jurisdictions. Second, the documents at issue are intrinsic to the government's pending motion in the Eastern District of Virginia because they are central to our position that Keyser violated the cooperation requirements of his plea agreement by failing to be truthful about the nature of his relationship with Isabelle Cheng. Indeed, adjudication of TECRO's motion by this Court could have serious consequences for the disposition of the government's pending motion in the Eastern District of Virginia. Third, TECRO's motion to enjoin the government's future use of the records provided by Ms. Cheng – which is the ultimate relief TECRO seeks – is equivalent to a motion to suppress.[3] Under Fed. R. Crim. P. 41(h), venue for a motion to suppress lies only in the district where the trial will occur. *See Islamic American Relief Agency*, 394 F. Supp.2d at 48 n.14. Although Keyser already has

---

[3] Whether TECRO has standing to move to suppress materials that may be used in criminal proceedings against Donald Keyser – in which TECRO is not party – will be addressed when the government submits its response on the merits to TECRO's motion.

pleaded guilty and does not currently faces charges in the Eastern District of Virginia, it is the government's intention to bring new charges against him if it is released from its plea agreement with Keyser. Finally, the government is unaware of any prejudice that TECRO would incur if its motion were transferred to the Eastern District of Virginia.

    For all these reasons, the Court should exercise its discretion to transfer venue over TECRO's motion to the Eastern District of Virginia.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney


        _____
        David H. Laufman
        Special Assistant United States Attorney
        DC Bar No. 420162
        U.S. Attorney's Office for the Eastern District
         of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Washington, DC 20530
        (703) 299-3899